UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY JOHNSON; JOHN MCQUISTION;<br><br>Defendant. | 4:18-CV-04138-RAL<br>4:18-CV-04140-RAL<br><br>OPINION AND ORDER SCREENING AND DISMISSING COMPLAINTS |

Plaintiff Charles Ray Johnson filed two closely related pro se civil rights lawsuits in succession under 42 U.S.C. §§ 1983 and 1985(3). Both suits allege that Defendants committed race-based discrimination and intentionally inflicted emotional distress by conspiring to have Plaintiff illegally arrested. Specifically, Plaintiff states that his probation officer, John McQuistion, caused Plaintiff to be arrested at the apartment of Plaintiff's wife, located at Green Briar Apartments in Brookings, South Dakota. Plaintiff states that he was not told that he would be in violation of the terms of his probation if he traveled to Brookings to visit his wife. Plaintiff avers that he has had a number of disputes with his probation officer regarding his inability to maintain employment, late arrival at meetings, outstanding fines, and failure to pass a drug test. Plaintiff further states that Ashley Johnson, the alleged apartment manager at Green Briar Apartments in Brookings, South Dakota, lied to police officers when she said that Plaintiff lived at the Green Briar apartment that is rented by Plaintiff's wife. Plaintiff also alleges that Ashley Johnson stated that felons are not allowed to reside on the property. Plaintiff ultimately argues that John

McQuistion must have conspired with Ashley Johnson in order to determine that he was living in Brookings, which Plaintiff disputes, in violation of the terms of his probation.

Johnson filed two lawsuits against Ashley Johnson and John McQuistion over the same facts. In both cases Johnson sought leave to proceed in forma pauperis. In accordance with the screening procedure required by 28 U.S.C. § 1915(e)(2), the Court dismisses Johnson's Complaints.

I. **Standard of Review**

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see e.g., Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir. 2000); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); see, e.g., Babino v. Janssen & Son, 2017 WL 6813137, *1 (D.S.D. 2017). In light of the information Plaintiff has provided in his financial affidavits, this Court finds that he may proceed in forma pauperis.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2); Martin-Trigona, 691 F.2d at 857; see also Lundahl, at *1. Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc), Fed. R. Civ. P. 8(a)(2), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (2009). A complaint must allege "more than labels and conclusions." Torti, 868 F.3d at 671 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II. Plaintiff's Constitutional Claims

Both §§ 1983 and 1985(3) require the violation of a right protected under the Constitution or federal law as a predicate. Gatlin ex. rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1093 (8th Cir. 2004) (internal citations omitted); Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004).

Plaintiff has pled no such violation. Even construing Plaintiff's Complaints liberally, Plaintiff has not pled facts to support a constitutional or federal law violation. Plaintiff has not alleged, for instance, that his arrest was conducted without a warrant, nor that such warrant was unlawfully executed in violation of the Fourth Amendment. U.S. v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987). Plaintiff himself alleges violations of his probation that would have been sufficient grounds to establish probable cause for his arrest—such as failing to pass a drug test. Id. ("The task of a magistrate in determining whether probable cause exists for issuing a warrant is simply to make a practical, common-sense decision whether . . . the defendant has committed a crime.") Nor has Plaintiff claimed that the detention following his arrest was extended, such as to trigger a Due Process Clause claim. Luckes v. County of Hennepin, Minn., 415 F.3d 936, 939 (8th Cir. 2005). Finally, while a blanket refusal to rent to applicants with a criminal record may violate the Fair Housing Act, Plaintiff has not claimed that Green Briar Apartments' alleged policy not to rent to felons has resulted in a disparate impact on any protected class. Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc., 135 S. Ct. at 2514-15 (2015) (summarizing HUD's Discriminatory Effects Standard in 24 C.F.R. § 100.500). Nor has Plaintiff claimed the requisite injury to establish standing or such a claim: he has not been denied the opportunity to rent from Green Briar Apartments and his arrest was not based on his status as a felon in violation of the alleged policy.

Even if Plaintiff's Complaint contained a constitutional or federal law claim, Plaintiff's conspiracy claim would still fail. A private party may be held liable under § 1983 only if that party is a "willful participant in joint activity with the State or its agents." Gibson v. Regions Fin. Corp., 557 F.3d 842, 846 (8th Cir. 2009). However, the "mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state

officials." Id. Ashley Johnson, then, was not acting as a state official when she communicated with police officers or, as Plaintiff alleges but provides no facts to support, when she may have communicated with Plaintiff's probation officer. Plaintiff has not alleged plausible facts that John McQuistion conspired with anyone else. A conspiracy requires two or more people. U.S. v. Slaughter, 128 F.3d, 623, 628 (8th Cir. 1997).

Plaintiff's § 1985(3) claim is similarly deficient. An essential element of a claim of civil rights conspiracy under § 1985(3) is the existence of a "class-based invidiously discriminatory animus." Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (internal citations omitted). Plaintiff, who is African American, has not alleged any facts—apart from his race—to support a claim of race-based discrimination.

### III. Claims for Intentional Infliction of Emotional Distress

Plaintiff's claims against Ashley Johnson and John McQuistion for intentional infliction of emotional distress are state law claims. A federal district court has original jurisdiction over §§ 1983 and 1985(3) claims based on federal question jurisdiction under 28 U.S.C. § 1331. Johnson's state law claims arise out of the same incident and share a common nucleus of operative fact; as such, this Court could exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367 if the claims subject to federal question jurisdiction remain. However, because Johnson's federal claims should be dismissed, this Court appropriately should decline to maintain jurisdiction over Johnson's state law claims. 28 U.S.C. § 1367(c)(3). Johnson can file infliction of emotional distress claims in state court in Brookings County.

### V. Conclusion

Accordingly, it is hereby

ORDERED that Johnson's motions for leave to proceed in forma pauperis, Doc. 2, 18-CV-04138-RAL and Doc. 2, 18-CV-4140-RAL are granted. It is further

ORDERED that Johnson's Complaints, Doc. 1, 18-CV-4138-RAL and Doc. 1, 18-CV-4140-RAL are dismissed without prejudice.

DATED this 14th day of November, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE